99 F.3d 400
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee
v.
Amir Mitri CELI, Defendant-Appellant
 No. 94-1634.
 United States Court of Appeals, Second Circuit.
 Dec. 8, 1995.
 
 APPEARING FOR DEFENDANT-APPELLANT: APPEARING FOR APPELLEE: RICHARD L. HERZFELD, Esq., New York, NY. EMILY BERGER, Esq., JASON BROWN, Esq., Assistant United States Attorneys for the Eastern District of New York, New York, NY.
 Present: LUMBARD, ALTIMARI, and JACOBS, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York, and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 
 
 3
 Amir Mitri Celi appeals from an October 28, 1994 judgment of the United States District Court for the Eastern District of New York, (Nickerson, J.), convicting him, after a jury trial, of conspiring to manufacture and distribute cocaine in violation of 21 U.S.C. §§ 841 and 846 and five counts of possessing with intent to distribute cocaine in violation of 21 U.S.C. § 841. On appeal, Celi argues that his conviction should be reversed because (a) he was deprived of effective assistance of counsel; (b) Judge Nickerson's questioning of two alibi witnesses from the bench deprived him of a fair trial; (c) his case should have been severed from that of his co-defendants; and (d) the district court erred by failing to include a multiple conspiracy jury charge. For the reasons set forth below, we conclude that Celi's contentions are without merit.
 
 
 4
 On June 15, 1992, DEA agents raided a cocaine manufacturing laboratory on Kingsland Avenue in Brooklyn (the "Kingsland lab"). The agents seized approximately 50 kilograms of cocaine base and refining equipment, and arrested several workers. On June 16, 1992, DEA agents, after raiding a second cocaine lab located on Meadow Street in Brooklyn (the "Meadow lab"), arrested Devier Julian Suaza, John Mena, Amir Mitri Celi and several others. These individuals were charged with various drug-related offenses; prior to trial all but three pleaded guilty. Celi, Antonia Cuevas and Gustavo Martinez were tried by a jury and convicted of crimes in connection with the construction and operation of the Meadow Street cocaine lab.
 
 
 5
 Ineffective Assistance Claim. As to his Sixth Amendment right to counsel, Celi claims that his trial lawyer: (a) failed to seek suppression of an in-court identification by a witness; (b) failed to impeach the testimony of two witnesses; (c) failed to object to the introduction of certain Rule 404(b) evidence; and (d) sought to introduce evidence that was unfairly prejudicial to him.
 
 
 6
 To prevail on his claim of ineffective assistance, Celi must show both that his trial counsel's performance fell below an objective standard of reasonableness and that, but his for counsel's unprofessional errors, the "result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984); see also United States v. Javino, 960 F.2d 1137, 1145 (2d Cir.), cert. denied, 113 S.Ct. 477 (1992). In order to establish prejudice, a defendant must demonstrate that his attorney's deficient performance deprived him of a "substantive or procedural right to which the law entitles him." Lockhart v. Fretwell, 113 S.Ct. 838, 840 (1993). Under this standard, a trial counsel's "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable...." Strickland, 466 U.S. at 690; see also United States v. Nersesian, 824 F.2d 1294, 1321 (2d Cir.) (strategic trial decisions, "if reasonably made, will not constitute a basis for an ineffective assistance claim"), cert. denied, 484 U.S. 957 (1987).
 
 
 7
 Trial counsel's decision not to object to the in-court identification of Celi by Deiver Julian Suaza (a co-conspirator of Celi's who had pleaded guilty to his role in the operation of the cocaine labs) was neither unreasonable nor prejudicial. In order to have prevailed on such an objection, trial counsel would have had to show that "the witness lacked a reliable basis for [the] identification" and that the in-court identification was unfairly suggestive. See United States v. Campbell, 581 F.2d 22, 28 (2d Cir.1978). The government established that Suaza had a reliable basis for identification through his testimony that he had previously seen Celi on three occasions while delivering cocaine or cash. Having had no reason to believe that Celi would prevail on an objection to the in-court identification, trial counsel's decision not to object was objectively reasonable. Nersesian, 824 F.2d at 1322.
 
 
 8
 Celi next argues that he was prejudiced by his trial counsel's failure to impeach the credibility of Suaza and Mena. In fact, Celi's trial counsel elicited inconsistent testimony from both Mena and Suaza, cross-examined both witnesses about their cooperation agreements with the government in order to show bias, and argued in his summation that both witnesses' testimony was unreliable in light of their cooperation agreements. As we have stated, "[d]ecisions whether to engage in cross-examination, and if so to what extent and in what manner, are ... strategic in nature" and therefore entitled to great deference. Nersesian, 824 F.2d at 1321. Since trial counsel actually succeeded in showing that the testimony in question was inconsistent and possibly motivated by bias, Celi cannot show that trial counsel's cross-examination either fell below an objective standard of reasonableness or was prejudicial.
 
 
 9
 Celi's claim that his counsel failed to object to the introduction of Mena's testimony concerning his prior uncharged criminal activities with Celi lacks a factual basis. Prior to trial, the government moved for admission of this evidence pursuant to Federal Rule of Evidence 404(b). Contrary to Celi's contentions, Celi's counsel objected to admission of this evidence during a pretrial conference, but was overruled by Judge Nickerson. Celi's grievance is therefore baseless.
 
 
 10
 Finally, Celi asserts that in several instances his trial counsel sought to elicit testimony that would have been prejudicial to Celi. In each instance specified by Celi, however, either the trial judge called a conference at sidebar and the question was withdrawn or the question did not in fact yield prejudicial testimony. Since Celi suffered no prejudice, trial counsel's questioning cannot support an ineffective assistance claim. See Strickland, 466 U.S. at 694.
 
 
 11
 Questioning From Bench. Celi next argues that he was deprived of a fair trial by Judge Nickerson's questioning from the bench of two alibi witnesses. Celi claims that Judge Nickerson's examination conveyed his disbelief of their testimony to the jury and created the impression that the witnesses fabricated their testimony.
 
 
 12
 It is beyond question that a district court judge has broad discretion in conducting a trial. United States v. Bejasa, 904 F.2d 137, 141 (2d Cir.) cert. denied, 498 U.S. 921 (1990). We have stated that it is "unquestionably proper" for a district judge to take an active role at trial by "asking numerous and probing questions." United States v. Manko, 979 F.2d 900, 905 (2d Cir.1992), cert. denied, 113 S.Ct. 2993 (1993). A district judge "need not sit like 'a bump on a log' throughout the trial," and "has an active responsibility to [e]nsure that issues are clearly presented to the jury." United States v. Pisani, 773 F.2d 397, 403 (2d Cir.1985). Because questioning by the court risks conveying the impression of bias, however, it should be limited to inquiries to "clarify ambiguities, correct misstatements or obtain information necessary to make rulings," Manko, 979 F.2d at 905, and may constitute reversible error if it rises to the level of a challenge to a witness's credibility. United States v. Victoria, 837 F.2d 50, 54-55 (2d Cir.1988).
 
 
 13
 Judge Nickerson's inquiries were directed to two alibi witnesses who had given conflicting testimony regarding the dates on which they claimed to have been with Celi. One witness, Tayde Garcia, testified on direct examination that Celi was in California with her from March to May, 1992. She testified on cross-examination, however, that she had only seen Celi twice per week during this time period, and that her affidavit--in which she swore to being in "constant company" with Celi during the time in question--had been drafted by a lawyer. This testimony gave the impression that the affidavit had been fabricated by the lawyer, and Judge Nickerson's questions were directed at clarifying this ambiguity. In fact, the court's questions made clear that the lawyer had merely assisted Tayde Garcia in drafting the affidavit, thereby dispelling this ambiguity in a manner favorable to Celi. Likewise, the court's questioning of Rosalba Garcia, the mother of Tayde Garcia, clarified her inconsistent testimony regarding Celi's whereabouts in May, 1992. Rosalba Garcia initially testified that she had seen Celi in California on May 10, 1992; she later testified that she had seen Celi as early as May 4, and still later that she could not recall clearly when Celi was in California. In light of her ambiguous testimony, it was not improper for the court to question her as to whether she had spoken to anyone to refresh her recollection of the dates in question, to which she responded in the negative. Since Judge Nickerson's questioning in both instances clarified ambiguous testimony, see Manko, 979 F.2d at 905, and actually reinforced the credibility of Celi's alibi witnesses, the court's questioning did not deprive Celi of a fair trial.
 
 
 14
 Severance. Celi next contends that, because the evidence against his co-defendants was much stronger than the evidence against him, the court abused its discretion in declining to sever Celi's trial from that of his co-defendants. A district court's decision on a motion to sever is "virtually unreviewable" on appeal. United States v. Lasanta, 978 F.2d 1300, 1306 (2d Cir.1992). To prevail, Celi must show that "he was so severely prejudiced by the joinder that he was denied a constitutionally fair trial." United States v. Tutino, 883 F.2d 1125, 1130 (2d Cir.1989), cert. denied, 493 U.S. 1081 (1990). Celi cannot meet this test, since "differing levels of culpability and proof are inevitable in any multi-defendant trial and, standing alone, are insufficient grounds for separate trials." United States v. Scarpa, 913 F.2d 993, 1014 (2d Cir.1990).
 
 
 15
 Conspiracy Charge. Last, Celi contends that the court improperly failed to instruct the jury that it could find that Celi was involved in only one of multiple conspiracies, and that Celi's sale of cocaine therefore did not conclusively establish his participation in the charged conspiracy to manufacture and distribute cocaine. Because Celi did not raise any objection to the proposed jury charge, he must show plain error to prevail on appeal. United States v. Tillem, 906 F.2d 814, 825 (2d Cir.1990). We have defined plain error "as an error so egregious and obvious as to make the trial judge and prosecutor derelict in permitting it, despite the defendant's failure to object." Id. Here, the jury had sufficient evidence to find a single conspiracy, as Celi concedes. See Appellant's Br. at 38. Since sufficient evidence existed to find a single conspiracy, the district court was not required to instruct the jury on the possible existence of multiple conspiracies.
 
 
 16
 For the above stated reasons, we therefore affirm the judgment of the district court.